FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 OCT 18 PM 3:07

CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JOHN DOPSON,

    Plaintiff,

v.   CV 317-053

CHRIS STEVERSON; JEFFERY DEAL;
RON BOWDOIN; BETTY RIDDLE;
ATHANIEL KING; JERMOE DANIELS;
TOMMY BARRENTINE; CHRIS SCREWS,

    Defendants.

---

**O R D E R**

---

Pending before the Court are two motions to dismiss for lack of subject matter jurisdiction. (Doc. Nos. 20, 21.) Defendants Steverson, Bowdoin, and Riddle filed the first motion to dismiss and Defendants Barrentine, Daniels, Deal, King, and Screws adopted and incorporated their co-Defendants' arguments regarding jurisdiction into their own motion. Accordingly, the Court will address the two motions together.

This case arose from Plaintiff's alleged wrongful imprisonment at the Dodge County Jail. (See generally Compl., Doc. No. 1.) His Complaint alleges five counts: (1) false arrest and imprisonment under O.C.G.A. §§ 51-7-1 and 51-7-2, (2) cruel and unusual punishment under art. 1, § 1, para. XVII of the Georgia Constitution, (3) intentional and negligent infliction of emotional distress under O.C.G.A. § 51-12-6, (4) punitive damages,

and (5) attorneys' fees and costs under O.C.G.A. § 13-6-11. (Compl. ¶¶ 25-42.) Defendants answered the complaint (doc. nos. 4, 5, 6), raised the defense of subject matter jurisdiction, and filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1).

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). Lower federal courts can only exercise jurisdiction over cases for which there has been a grant of jurisdiction by Congress. See id. Thus, "[a] federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936); see also Fed. R. Civ. P. 8(a). Here, there is no basis for diversity jurisdiction because all parties are Georgia residents. (See Compl. ¶¶ 1-9.) Thus, for the Court to exercise jurisdiction there must be a federal question.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by the well-pleaded complaint rule, which

2

requires a federal question to be presented on the face of the plaintiff's complaint. Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, Plaintiff's Complaint relies upon only Georgia statutes and constitutional provisions as a basis for his claims. In fact, it would appear that the Complaint was drafted specifically to avoid federal court based on its absence of any federal statutes or constitutional provisions. Plaintiff's exclusive reliance on state law calls into doubt whether the Court has jurisdiction over this case.

When a plaintiff uses only state-law causes of action, a federal court may still have jurisdiction if either the state law claims raise substantial questions of federal law or federal law completely preempts the state law claims. Dunlap, 381 F.3d at 1290. So called "complete preemption" only occurs in statutes with "extraordinary" preemptive force. Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003). The Supreme Court has found only three federal statutes that completely preempt state law, none of which are applicable to this case.[1] Dunlap, 381 F.3d at 1291. As such, the complete preemption exception to the well

---

[1] Those statutes are § 301 of the Labor Management Relations Act, § 1132 of the Employee Retirement Income Security Act, and §§ 85 and 86 of the National Bank Act.

3

pleaded complaint rule does not provide the Court with jurisdiction over Plaintiff's claims.

Similarly, Plaintiff's state law claims do not raise a substantial question of federal law. Federal jurisdiction can lie over a state law claim if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn v. Minton, 568 U.S. 251, 258 (2013); Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). To be substantial, the issue of federal law must be important to the federal system as a whole. Id. at 260. In other words, the proper focus is not on the interests of the specific litigants, but rather on the broader significance the issue poses to the federal system. Id.

In this case, Plaintiff contends that his complaint raises substantial federal issues under the Eighth Amendment and 42 U.S.C. § 1983. The Court disagrees. Plaintiff's claims are "poles apart from Grable" where the resolution of what notice is required to seize property from a delinquent taxpayer was "controlling in numerous other cases." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 681 (2006). Instead, Plaintiff's claims are "fact-bound and situation specific" and involve a more "backward-looking" analysis into whether Plaintiff's rights were violated. Id. Accordingly, Plaintiff

4

cannot satisfy the substantial element of the Gunn test and the Court is without jurisdiction to hear this case.[2]

In accordance with the foregoing, Defendant's motions to dismiss for lack of subject matter jurisdiction (doc. nos. 20, 21) are **GRANTED**. Plaintiff's Motion for Hearing (doc. no. 59) is therefore **DENIED**. **IT IS ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **CLOSE** this case and **TERMINATE** all motions and deadlines. Costs are assessed against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this  18th  day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's request for leave to amend his complaint is **DENIED**. Plaintiff's request was made after the Court's Scheduling Order deadline for civil motions had passed. Although Plaintiff contends he deserves one opportunity to amend, Plaintiff has not shown good cause under Federal Rule of Civil Procedure 16(b) to modify the Scheduling Order. See Sosa v. Airlift Sys., 133 F.3d 1417, 1419 (11th Cir. 1998) (good cause requires diligence on the party seeking extension).

5