FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 DEC 18 PM 4: 26
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JOHN DOPSON, | * |
| Plaintiff, | * |
| v. | * CV 317-053 |
| CHRIS STEVERSON; JEFFERY DEAL; RON BOWDOIN; BETTY RIDDLE; ATHANIEL KING; JEROME DANIELS; TOMMY BARRENTINE; and CHRIS SCREWS, | * |
| Defendants. | * |

**O R D E R**

Pending before the Court is Plaintiff's motion for reconsideration. (Doc No. 62.) Plaintiff seeks relief from the Court's judgment entered on October 18, 2018, which concluded there was no subject matter jurisdiction in this case and denied Plaintiff's request for leave to amend his Complaint.

**I. BACKGROUND**

On September 1, 2017, Plaintiff filed this case alleging he was wrongfully detained at the Dodge County Jail. (See generally Compl., Doc. No. 1.) Plaintiff asserted multiple claims, each of which arose under Georgia law or the Georgia Constitution. (Id.) Defendants answered the complaint and raised the defense of lack

of subject matter jurisdiction. (Doc. Nos. 4, 5, 6.) On November 20, 2017, following the parties' Report of Rule 26(f) Meeting, the Court entered a Scheduling Order. (Doc. No. 11.) That Order set the amended pleadings deadline for December 10, 2017, the discovery deadline for April 22, 2018, and the civil motions deadline for May 25, 2018. (Id.) On April 9, 2018, the parties moved for an extension of time to complete discovery. (Doc. No. 17.) The Court extended the discovery deadline to June 22, 2018, and the civil motions deadline to July 24, 2018. (Order of April 9, 2018, Doc. No. 18.)

Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) on the last day for civil motions. (Doc. Nos. 20, 21.) On August 31, 2018, Plaintiff responded arguing there was subject matter jurisdiction and, in a footnote, requested leave to amend his Complaint "to the extent the Court finds that Plaintiff's claims are not presented as federal issues." (Pl.'s Resp. to Defs.' Mot. to Dismiss, Doc. Nos. 43, 44, at 5.)[1] The Court granted Defendants' motions and dismissed Plaintiff's claims without prejudice. (Order of Oct. 18, 2018, Doc. No. 62, at 5.) That Order also denied Plaintiff's request for leave to amend his Complaint because he did not show good cause under Federal Rule of Civil Procedure 16(b) to amend the Scheduling Order. (Id. at 5

---

[1] Because Defendants each made the same arguments in their respective motions to dismiss, Plaintiff filed the same response to each motion.

2

n.2.) Now, Plaintiff moves for reconsideration of the decision to deny leave to amend by arguing that it was clear error to not grant him one opportunity to amend his Complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment. Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (internal quotation omitted). Motions for reconsideration should not be used to raise legal arguments or present evidence that could and should have been made before the judgment was issued. Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); Lockhard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

While Rule 59(e) does not set forth a basis for relief, district courts in this Circuit have identified three grounds that merit reconsideration of a judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Gold Cross, 108 F. Supp. 3d at 1379. To correct clear error "ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." McGuire v. Ryland Grp., Inc., 497

F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (internal quotations omitted). An error, however, is not "clear and obvious" if the legal issues are "at least arguable." Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

### III. DISCUSSION

Plaintiff argues the Court made a clear error of law by not granting Plaintiff leave to amend his Complaint. He cites Federal Rule of Civil Procedure 15(a) and related caselaw to support the contention that he must be given at least one chance to amend. Plaintiff maintains that not granting leave to amend would be severely prejudicial. This argument, however, is premised on Rule 15(a), which the Court previously noted is not the applicable rule for Plaintiff's motion. (Order of Oct. 18, 2018, at 5 n.2.) Instead, Federal Rule of Civil Procedure 16(b) governs whether Plaintiff should be granted leave to amend his Complaint past the Scheduling Order's deadline.

Rule 16(b) provides that a district court "must issue a scheduling order after receiving the parties' report under Rule 26(f)" and that order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b). A plaintiff seeking leave to amend his complaint after the deadline imposed by the court's scheduling order must

4

demonstrate "good cause." Id.; Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009). Only after establishing good cause under Rule 16(b) will Rule 15(a) be applied to determine whether the amendment should be permitted. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). To do otherwise would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rule of Civil Procedure."[2] Id.

To show good cause under Rule 16(b), a party must demonstrate "the schedule cannot be met despite the diligence of the party seeking the extension." Id. (quoting FED. R. CIV. P. 16 Advisory Committee's notes); see also Southern Grouts, 575 F.3d at 1241. Diligence — or a lack thereof — takes many forms. When a plaintiff "has full knowledge of the information with which it seeks to amend its complaint before the deadline passes" and fails to timely move to amend, the plaintiff is not diligent. Southern Grouts, 575 F.3d at 1241 n.3. Similarly, a lack of diligence can arise from

---

[2] Plaintiff cites Morales-Arcadio v. Shannon Produce Farms Inc., 2007 WL 2106188 (S.D. Ga. July 18, 2007), to argue Rule 15(a) should be applied to motions for leave to amend filed past a scheduling order's deadline. Id. at *10. In that case, however, the court had previously allowed an amendment past the scheduling order deadline, thereby eliminating the deadline. Id. Because the deadline had already been set aside once, "fairness and consistency" required the second motion for leave to amend not be subjected to that deadline. Id. The motion was then granted under Rule 15(a). Id. at *11. Here, the Court has not previously allowed any amendments past the deadline in the Scheduling Order, so as to eliminate that deadline.

5

a plaintiff's failure to seek during discovery the information it needs to determine whether an amendment is necessary. Id.

The Eleventh Circuit has consistently held that, absent a showing of diligence, motions to amend filed after scheduling order deadlines should be denied as untimely. See, e.g., Lowe's Home Ctr., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."); Carter v. Broward Cnty. Sheriff's Dep't Medical Dep't, 558 F. App'x 919, 924 (11th Cir. 2014) ("[Plaintiff] did not file his motion to amend his complaint until almost eight months after the deadline for filing amended pleadings.").

In this case, the record makes clear that Plaintiff's failure to comply with the Scheduling Order resulted from a lack of diligence. Plaintiff admits that he was aware of all necessary facts and legal theories that could allow this Court to exercise jurisdiction before he filed his Complaint. His motion states: "The amendment flows from the same transaction and occurrence, no new parties would be added, [and] no new claims would be added." (Pl.'s Mot. for Recons., Doc. No. 64, at 8.) Thus, Plaintiff was aware of the pertinent information before not only the deadline to amend, but before he even filed his Complaint. Instead, Plaintiff

6

made a deliberate choice to plead only state law causes of action and avoid federal law in his Complaint.

Moreover, Plaintiff waited well past all of the Scheduling Order's deadlines to file his request to amend. The Court entered its Scheduling Order on November 20, 2017, which set the amended pleadings deadline for December 10, 2017. Plaintiff did not request leave to amend. The Scheduling Order also set the civil motions deadline for May 25, 2018. Plaintiff did not request leave to amend. The Court later extended the civil motions deadline to July 24, 2018. Plaintiff did not request leave to amend. These deadlines are not "aspirational," but rather Orders of the Court necessary to manage its docket. Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004).

It was not until August 31, 2018, more than nine months after the amended pleadings deadline and two months after the civil motions deadline, that Plaintiff, in a one sentence footnote, requested leave to amend his Complaint. This lengthy delay demonstrates Plaintiff's lack of diligence, particularly when the information relevant to the request to amend was apparent to Plaintiff before he even filed his Complaint. Moreover, Plaintiff never filed a formal motion to amend, instead he relied solely on the footnote request in his response to Defendants' motion to dismiss. All told, Plaintiff did not show good cause to modify

the Scheduling Order, and, therefore, there is no clear error of law that warrants reconsideration of the Court's denial of leave to amend.

Nevertheless, Plaintiff argues there was no undue delay because he quickly requested leave to amend once Defendants filed their motions to dismiss for lack of subject matter jurisdiction. According to Plaintiff, prior to those motions he had no indication that any defenses regarding lack of jurisdiction would be pursued. Each Defendant, however, raised that exact defense in their respective Answers filed on October 11, 2017, two months before the deadline to file amended pleadings. Thus, Plaintiff cannot contend that he lacked notice that those defenses would be used.

### IV. CONCLUSION

Plaintiff did not point to any clear errors of law in the Court's decision to deny leave to amend where the request was filed more than nine months after the deadline. Therefore, Plaintiff's motion for reconsideration (doc. no. 62) is **DENIED**. This case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE

8