FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 DEC 18 PM 4:26
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JOHN DOPSON,

    Plaintiff,

v.      CV 317-053

CHRIS STEVERSON; JEFFERY DEAL;
RON BOWDOIN; BETTY RIDDLE;
ATHANIEL KING; JEROME DANIELS;
TOMMY BARRENTINE; and CHRIS
SCREWS,

    Defendants.

# O R D E R

Pending before the Court is Defendants Ron Bowdoin, Betty Riddle, and Chris Steverson's ("Defendants") Bill of Costs seeking $11,365.89. Plaintiff filed an objection to $2,812.30 of those costs. For the reasons set forth below, Plaintiff's objection is **SUSTAINED IN PART AND OVERRULED IN PART.**

On September 1, 2017, Plaintiff filed this action alleging only state law claims arising out of his imprisonment at the Dodge County Jail. (See generally Compl., Doc. No. 1.) The case proceeded through discovery and on the last day for filing civil motions Defendants moved to dismiss for lack of subject matter jurisdiction. (Doc. Nos. 20, 21.) The Court granted the motions finding it lacked jurisdiction over this case because Plaintiff

plead only state law claims. (Order of Oct. 18, 2018, Doc. No. 62, at 5.)

On November 8, 2018, Defendants submitted a Bill of Costs. (Doc. No. 70.) Specifically, those Defendants sought to recover the following costs:

Fees for service of summons and subpoena . . . $365.00

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . . . . . . . . . . . . . . $10,931.63

Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case . . . $69.26

Total . . . . . . . . . . . . . . . . . . . $11,365.89

Plaintiff filed an objection to the Bill of Costs. (Doc. No. 72.) Plaintiff objects to the costs for "Video Services" on multiple depositions, to the fees for copies of the deposition videos and exhibits, and the request for travel expenses of a court reporter. Further, Plaintiff contends he is a "working-class man" and the issuance of costs would impose significant financial hardship on him. (Id. at 4.)

Federal Rule of Civil Procedure 54(d) allows the Court to award costs to the prevailing party. The costs that may be taxed against a non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The power to tax costs pursuant to Rule 54(d) is not an expansive one; rather, "absent explicit statutory or contractual authorization for the taxation of other [expenses], federal courts are bound by the limitations set out in . . . 28 U.S.C. § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Consequently, the Court may not tax any cost unless it falls within one of the categories enumerated by the statute. Id. While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).

The non-prevailing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party. Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254,

1257-58 (S.D. Fla. 2013). While the burden is on the non-prevailing party to show a cost is not taxable, the prevailing party must still submit a request for costs that enables the court to determine what costs were incurred and whether they may be taxable. Id.

Plaintiff objects to $2,231.25 in "Video Services" fees for video copies of depositions of Ronald Bowdoin, Chris Steverson, Tommy Barrentine, Chris Screws, Jeffery Deal, Jerome Daniels, Betty Riddle, Plaintiff John Dopson, and David Venable. Plaintiff argues that the costs of obtaining these depositions by video were not necessary expenses.

The Eleventh Circuit has squarely addressed this issue. In Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464-65 (11th Cir. 1996), the court held "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Here, in seven of the nine depositions taken by video it was Plaintiff who served the Notice of Videotaped Depositions. (Defs.' Resp. to Pl.'s Obj. to Bill of Costs, Doc. No. 74, Ex. A.) For the other two depositions — John Dopson and David Venable — Defendants' notice stated it would be recorded by video. Plaintiff did not object at the time.

4

Furthermore, Defendants reasonably believed that obtaining copies of these videos was necessary at the time the depositions were taken. See Watson v. Lake Cnty., 492 F. App'x 991, 996-97 (11th Cir. 2012). For seven of the depositions it was Plaintiff who deemed a video deposition necessary. See United States v. Kolesar, 313 F.2d 835, 839-40 (5th Cir. 1963) (copies of depositions taken by opposing party are taxable as costs if the depositions were necessary). In fact, Plaintiff used those seven depositions to respond to Defendants' motions for summary judgment. (Doc. Nos. 43, 44.)

For Dopson, Defendants reasonably believed a video copy was necessary because much of his testimony contradicted others. Defendants needed a video copy for trial if the need to impeach Dopson's testimony arose. As to Venable, Defendants reasonably believed a copy was necessary because Plaintiff listed him as having relevant knowledge in his initial disclosures and Venable, as Dopson's former attorney, turned out to have crucial knowledge about the case. In fact, one of Defendants' motions in limine concerned the exclusion of Venable's testimony based on his deposition. (Doc. No. 25.) Therefore, the Court overrules Plaintiff's objections to the "Video Services" costs.

Next, Plaintiff objects to the fees for "B/W Exhibits copied scanned hyperlinked" totaling $170.00. These costs were charged for providing copies of deposition exhibits. Such costs are

5

recoverable under § 1920. See Denton v. DaimlerChrysler Corp., 645 F. Supp. 2d 1215, 1227 (N.D. Ga. 2009); 28 U.S.C. § 1920(4). Accordingly, Plaintiff's objection to these costs is overruled.

Plaintiff's last objection is to the "Miscellaneous Travel Expenses" totaling $410.55 for the Deposition of Reba Inez Nelson. Defendants clarified that such expenses were incurred for a court reporter, an essential component of a deposition. The court reporter, however, already charged a $157.50 appearance fee. The $410.55 in additional travel expenses are not taxable because they are not directly related to the preparation of the transcript. See Price v. United Techs. Corp., 2001 WL 36085163, at *2 (S.D. Fla. July 27, 2001) (finding a court reporter's appearance fee is recoverable under § 1920(2), but not additional travel expenses); see also Pushko v. Klebener, 2009 WL 9988121, at *4 (M.D. Fla. Dec. 8, 2009) (disallowing court reporter travel expenses). For the same reasons, the mileage costs for the videographer of Dopson's and Venable's depositions are not taxable. Plaintiff's objection is therefore sustained as to the $410.55 in "Miscellaneous Travel Expenses" and the $180.75 in mileage fees.

Finally, Plaintiff contends his financial status should be considered in determining the award of costs. See Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). To be considered, however, a party must submit "substantial documentation of a true inability to pay." Id. Plaintiff has simply stated he is a

6

"working-class man" with little means to pay. Thus, there is no evidence for the Court to consider his financial status.

Based on the foregoing, Plaintiff's objections to Defendants' Bill of Costs (doc. no. 70) are **OVERRULED IN PART AND SUSTAINED IN PART**. The Court finds $410.55 in court reporter travel expenses and $180.75 in videographer mileage are not taxable. The Clerk is **DIRECTED** to tax costs in the amount of $10,774.59 against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE